IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TONY RAY WINN,

        Plaintiff,

                          No. CV 05-899-MO

                          OPINION & ORDER

        v.

EVA ELY et al.,

        Defendants.

**Mosman, J.**,

Mr. Tony Ray Winn, an inmate in the care and custody of the Oregon Department of Corrections, filed this 42 U.S.C. § 1983 lawsuit, alleging various violations of the U.S. Constitution, federal law, and state law.  The defendants filed a Motion for Summary Judgment (#52).  Because Mr. Winn is not entitled to relief based on any of the alleged violations, I GRANT the defendants' Motion for Summary Judgment (#52).

## BACKGROUND

Mr. Winn alleges various violations of his rights pursuant to § 1983.  He alleges: (1) violations of the Eighth Amendment, including substandard medical care and failure to protect; (2) inadequate access to the legal library; (3) violation of the Due Process Clause of the Fourteenth Amendment; and (4) violations of state and federal law through a criminal conspiracy.

Mr. Winn's claims are based on the following alleged facts:

(1)     The defendants denied him a different mattress, a back wedge, an appropriate cell, and adequate medical care.  They also failed to protect him from an attack by another inmate.

(2)     Mr. Winn has only one *Georgetown Law Journal*.

(3)     The defendants presented false evidence during a disciplinary hearing.

(4)     The defendants engaged in a criminal conspiracy, violating state and federal law.

*See* Compl. (#2).

The defendants filed a Motion for Summary Judgment (#52) on August 29, 2007.  They argue:

(1)     They did not violate the Eighth Amendment.

(2)     Mr. Winn has sufficient access to the courts.

(3)     They did not violate the Fourteenth Amendment.

(4)     Mr. Winn's allegation that they violated criminal statutes is not actionable under § 1983.

*See* Defs.' Mem. Supp. Summ. J. (#53) 2.  The defendants also argue they have qualified immunity.  *Id.*

Mr. Winn failed to respond to the Motion for Summary Judgment, and I issued an Order to Show Cause (#58) on October 9, 2007.  Mr. Winn replied to the Order to Show Cause with a Motion for an Extension of Time (#60).  I granted Mr. Winn's Motion for an Extension.  Mr. Winn subsequently filed a Response to the Order to Show Cause (#63), which I construe as a response to the Motion for Summary Judgment.

**DISCUSSION**

**I.      Standard of Review**

Summary judgment is proper when the "pleadings, the discovery and disclosure materials

on file, and any affidavits show that there is no genuine issue as to any material fact and that the

movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The court views the

record in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477

U.S. 242, 255 (1986). If the movant initially shows that no genuine issue of fact exists for trial,

the non-moving party cannot then rest on the pleadings but must respond with evidence setting

"out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). When "the record

taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is

no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587

(1986) (citation omitted).

**II.     A Supervisor's Liability Under § 1983**

Mr. Winn names Sharron Blackletter, a supervisor, as a defendant. However, supervisors

are not liable under § 1983 unless: (1) they were personally involved in the constitutional

deprivation; or (2) there is a sufficient causal connection between their conduct and the

constitutional violation. *Jeffers v. Gomez*, 267 F.3d 895, 915 (9th Cir. 2001); *see also King v.

Atiyeh*, 814 F.2d 565, 568 (9th Cir. 1987) ("State officials are not subject to suit under section

1983 unless they play an affirmative part in the alleged deprivation of constitutional rights.").

Ms. Blackletter was not involved in the alleged violations, and there are no allegations of

a causal connection between her conduct and the alleged violations. The defendants argue:

"Plaintiff does not allege any facts that would support a finding that this defendant participated in

PAGE 3 OPINION & ORDER

or directed the alleged violations, nor that she engaged in any wrongful conduct that would have a causal connection to the alleged deprivation." Defs.' Mem. Supp. Summ. J. (#53) 3. Mr. Winn does not identify any facts to refute the defendants' argument, and I cannot find any in the record. Thus, Mr. Winn's claims against Ms. Blackletter fail.

### III.    Mr. Winn's Constitutional Claims Fail

#### A.    *Mr. Winn Cannot Establish a Violation of the Eighth Amendment*

##### 1.    Medical Care

To establish an Eighth Amendment violation based on substandard medical care, Mr. Winn must prove prison officials demonstrated a deliberate indifference to his serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A prison official demonstrates deliberate indifference if he or she knows a prisoner faces a substantial risk of serious harm and disregards that risk. *See Farmer v. Brennan*, 511 U.S. 825, 847 (1994). "[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain,' *Gregg v. Georgia*, 428 U.S. 153, 173 (1976) (joint opinion), proscribed by the Eighth Amendment." *Estelle*, 429 U.S. at 104.

Mr. Winn argues his Eighth Amendment rights have been violated because prison officials denied him adequate medical care with respect to (1) providing him a different mattress and back wedge, (2) treating a fractured finger, and (3) resulting pain in his back, hip, and hand. *See* Compl. (#2). The defendants argue "[t]hese claims fall well short of a medical need sufficiently serious as to cause . . . 'unnecessary and wanton infliction of pain.'" Defs.' Mem. Supp. Summ. J. (#53) 4 (quoting *Estelle*, 429 U.S. at 104).

Mr. Winn cannot establish that the defendants acted with deliberate indifference to his

PAGE 4 OPINION & ORDER

medical needs.  Deliberate indifference is a "conscious disregard of an excessive risk to [a]

plaintiff's health."  *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996).  In this case, prison

medical staff took numerous steps to address Mr. Winn's medical concerns, including his pain

and discomfort.  *See* Diehl Aff. (#52) ¶¶ 3-18.  The resulting treatment decisions cannot be

characterized as "conscious disregard" for Mr. Winn's health; by addressing his concerns, the

defendants are not consciously disregarding a risk to his health.  *See Farmer*, 511 U.S. at 839-40.

*Compare Youngberg v. Romeo*, 457 U.S. 307, 323 (1982) (stating medical decisions are left to a

medical professional exercising appropriate professional judgment).

Furthermore, Mr. Winn's own conduct indicates his alleged medical conditions are not

serious.  The defendants offer evidence that Mr. Winn is an accomplished weightlifter.  They

have a DVD of him using a weight machine to perform various exercises.  Mr. Winn does not

dispute this evidence.  To support an Eighth Amendment claim based on substandard medical

care, Mr. Winn must prove his condition is sufficiently serious to cause "unnecessary and wanton

infliction of pain" if left untreated.  *See Estelle*, 429 U.S. at 104 (citation and internal quotation

marks omitted).  If his medical conditions were serious, he would be unable to continue his

exercises.  Based on this undisputed evidence, Mr. Winn does not have a serious medical

condition; his condition is *de minimis* at best.  *See Hudson v. McMillian*, 503 U.S. 1, 8-10 (1992)

(stating a harm must be more than *de minimis*).

### 2.      Living Conditions

To prevail on this aspect of his Eighth Amendment claim, Mr. Winn must prove a denial

of "the minimal civilized measure of life's necessities," *Rhodes v. Chapman*, 452 U.S. 337, 347

(1981), resulting from the "deliberate indifference" of prison personnel or officers.  *Wilson v.*

*Seiter*, 501 U.S. 294, 302-03 (1991).  However, "an institution's obligation under the [E]ighth [A]mendment is at an end if it furnishes sentenced prisoners with adequate food, clothing, shelter, sanitation, medical care, and personal safety."  *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982) (citation and internal quotation marks omitted).

Mr. Winn's living conditions are appropriate.  Mr. Winn argues the size of the cell he must share and his limited time outside of the cell constitute a violation of the Eighth Amendment.  However, simply being forced to share a cell under normal prison constraints on time outside the cell is insufficient to support an Eighth Amendment claim.  *See Chilcote v. Mitchell*, 166 F. Supp. 2d 1313, 1317 (D. Or. 2001).  *Compare Rhodes*, 452 U.S. at 355-56 (Brennan, J. concurring) (discussing a violation of the Eighth Amendment where prisoners were forced to sleep on mattresses on the floor in hallways or next to urinals).  Mr. Winn does not otherwise provide evidence that he was denied "the minimal civilized measure of life's necessities."  *See Rhodes*, 452 U.S. at 347.

### 3.       Failure to Protect

"'[P]rison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners.'"  *Farmer*, 511 U.S. at 833 (quoting *Cortes-Quinones v. Jimenez-Nettleship*, 842 F.2d 556, 558 (1st Cir. 1988)).  A prison official is liable for failure to protect if he or she "consciously disregard[s] a substantial risk of serious harm" to a prisoner.  *See id.* at 839 (citation and internal quotation marks omitted).  Furthermore, there must be proof of harm that is more than *de minimis*.  *See Wilson*, 501 U.S. at 298-300.

Mr. Winn has not presented evidence that prison officials consciously disregarded a substantial risk of assault or injury to him.  Assuming Mr. Winn was assaulted in the prison

scullery, as he alleges, he does not provide facts from which a reasonable factfinder could infer

prison officials consciously disregarded a substantial risk of assault or injury to him.  For

example, Mr. Winn provides no facts that a prison official stood by and watched while another

inmate assaulted him.  He also fails to provide facts from which a reasonable factfinder could

infer prison officials acted with complicity in the assault.  Furthermore, he has not come forward

with facts indicating the alleged assault resulted in any injuries that were more than *de minimis*.

Mr. Winn's claim for failure to protect therefore fails.

> **B.**      *Mr. Winn Has Sufficient Access to the Courts*

In passing, Mr. Winn alleges he does not have sufficient access to the courts and legal

materials.  However, he also refutes this claim.  The docket in this case and Mr. Winn's

numerous filings indicate he routinely files documents with the court and cites legal authority

extensively.  He also indicates he is "doing legal work for the [M]exicans."  Resp. Order to Show

Cause (#63) 5.  Thus, Mr. Winn has not been denied a reasonable opportunity to present his

claims or suffered an "actual injury" to "contemplated or existing litigation."  *See Lewis v. Casey*,

518 U.S. 343, 348 (1996).

> **C.**      *Mr. Winn Does Not Otherwise Present Evidence of a Constitutional Violation*

Mr. Winn alleges the defendants presented false evidence against him during a

disciplinary hearing, violating his rights under the Due Process Clause of the Fourteenth

Amendment.  The defendants argue these allegations do not state a claim under the Fourteenth

Amendment.

A disciplinary hearing must provide an inmate procedural protections.  The required

procedural protections are: (1) written notice of the charges at least 24 hours before the hearing;

PAGE 7 OPINION & ORDER

(2) a hearing before an impartial tribunal; (3) a limited opportunity to call witnesses and present documentary evidence; and (4) a written statement addressing the reasons for any decision and/or charges. *Wolff v. McDonnell*, 418 U.S. 539, 563-71 (1974). "As long as an inmate charged with misconduct has been afforded the[se] procedural due process protections . . . an allegation that he was falsely accused does not state a claim for violation of his constitutional rights, at least where . . . the false charges are not alleged to have been filed in retaliation for the inmate's exercise of a constitutional right." *Maclean v. Secor*, 876 F. Supp. 695, 699 (E.D. Pa. 1995) (citations omitted).

Mr. Winn's Fourteenth Amendment claim fails. The defendants argue Mr. Winn's claim is based only on vague allegations relating to "'videotapes of other inmates attempting to kill him.'" Defs.' Mem. Supp. Summ. J. (#53) 9 (quoting Compl. (#2) 7). Mr. Winn does not dispute this. Also, I cannot find any evidence in the record that might dispute the defendants' argument. Furthermore, I cannot find any allegations by Mr. Winn that the defendants violated his rights as outlined by *Wolff*. Mr. Winn's Fourteenth Amendment claim therefore must fail.

In sum, the defendants are entitled to summary judgment against each of Mr. Winn's claims. Mr. Winn's claims for violations of the Eighth and Fourteenth Amendments fail. He also has sufficient access to the courts.

## IV.   Defendants Have Qualified Immunity

A prison official has qualified immunity unless "[t]he countours of the right [in question are] . . . sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). An official's qualified immunity is determined through a two part analysis: "(1) Was the law governing the official's

PAGE 8 OPINION & ORDER

conduct clearly established? (2) Under that law, could a reasonable officer have believed the conduct was lawful?" *Neely v. Feinstein*, 50 F.3d 1502, 1507 (9th Cir. 1995) (citing *Act Up!/Portland v. Bagley*, 988 F.2d 868, 871 (9th 1993)). Qualified immunity constitutes immunity from suit rather than a mere defense to liability. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).

The defendants argue they have qualified immunity even assuming Mr. Winn's rights were violated. *See* Defs.' Mem. Supp. Summ. J. (#53) 9. They argue: "[A] reasonable prison official would have believed that the procedures employed in this case, all in accordance with the Oregon Administrative Rules . . . were lawful." *Id.* at 10 (citing *Neely*, 50 F.3d at 1507.). Mr. Winn does not dispute this argument, and I cannot find facts in the record that would dispute it. Based on my review of the record, the defendants are correct—i.e., "a reasonable officer [would] have believed the conduct was lawful." *See Neely*, 50 F.3d at 1507. Therefore, even assuming Mr. Winn's rights were violated, the defendants have qualified immunity.

**V.      Violations of Federal and State Criminal Statutes Are Not Actionable Under § 1983**

Mr. Winn alleges a general conspiracy to file false conduct reports and otherwise torment him in violation of 18 U.S.C. §§ 371, 1001, and other unidentified criminal statutes. However, there is no private right of action for alleged violations of these statutes. *See Nalle v. Oyster*, 230 U.S. 165, 182 (1913) ("[N]o civil action lies for a conspiracy [under 18 U.S.C. § 371] unless there be an overt act that results in damage to the plaintiff."); *Anderson v. Wiggins*, 460 F. Supp. 2d 1, 8 (D.D.C. 2006) ("Private causes of action are . . . precluded for the criminal statutes located at 18 U.S.C. §§ 1001 and 241 . . . ."). Mr. Winn neither points to evidence of an overt act that caused him harm, nor persuasively argues he should be allowed to pursue an action under

PAGE 9 OPINION & ORDER

these statutes.  Therefore, any action based on these statutes fails.

### CONCLUSION

Based on the foregoing, I GRANT the defendants' Motion for Summary Judgment (#52).

All pending motions are DISMISSED as moot.

IT IS SO ORDERED.

DATED this __28th__ day of February, 2008.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Court